KEVIN V. RYAN (CSBN 118321)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

JEFFREY R. FINIGAN (CSBN 168285)
Assistant United States Attorney

    450 Golden Gate Avenue
San Francisco, California  94102
Telephone: (415) 436-7232
Facsimile: (415) 436-7234
Email: jeffrey.finigan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. CR 06-00439 MMC |
|     Plaintiff, ) | |
| ) | |
| ) | **ORDER RE DETENTION PENDING** |
|   v. ) | **TRIAL** |
| ) | |
| IVAN VINCENT ALCALA, ) | |
|     Defendant. ) | |

    This matter came before the Court on July 5 and 7, 2006, for a detention hearing.
Defendant Ivan Vincent Alcala was present with his counsel, Elizabeth Falk.  Assistant United
States Attorney Jeffrey Finigan appeared for the government.  Both parties proceeded by proffer.
Prior to the hearing the Court and parties reviewed the Pretrial Services report.

    The government recommended detention on the grounds of both danger to the
community and flight risk.  Pretrial Services also recommended detention on the basis of danger

to the community.  Defendant opposed detention.

The Bail Reform Act of 1984, 18 U.S.C. § 3142(g), sets forth four factors which the Court must consider in determining whether pretrial detention is warranted:

(1)  the nature and seriousness of the offense charged;

(2)  the weight of the evidence against the person;

(3)  the history and characteristics of the person including, inter alia, character, employment, family, and criminal history; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

With regard to the first factor, the nature and seriousness of the offense charged, Defendant is charged by indictment with violating Title 21, United States Code, Section 846 – Conspiracy to Distribute Methamphetamine, and Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii) – Distribution of Methamphetamine.  As charged, the statutory mandatory minimum sentence is ten years in prison and the maximum is life.  The Court considers the offense to be a serious charge.

Turning to the second factor, the weight of the evidence, this is the least important of the factors, and the bail statute neither requires nor permits a pretrial determination of guilt.  *United States v. Gebro*, 948 F.2d 1118, 1121-22 (9th Cir. 1991).  The government proffers that on March 28, 2005, Defendant sold 439 grams of methamphetamine to a cooperating witness.  The methamphetamine was analyzed and found to be 94% pure, i.e. 399.6 grams of actual meth.

Concerning the history and characteristics of Defendant, the Court notes that Defendant has a criminal history with numerous arrests and convictions, including but not limited to, felony convictions for murder and assault with a deadly weapon and a misdemeanor conviction for dissuading a witness.  Defendant's criminal history also contains entries for multiple arrests related to domestic violence and probation violations.  Defendant has suffered five (5) felony and three (3) misdemeanor convictions.  Lastly, Defendant's criminal history records contain evidence of failures to appear and the issuance of bench warrants therefor.  Defendant was arrested for the instant offense while on probation.  He has violated parole on two (2) occasions

and was remanded to custody to the CDC on both occasions.  Defendant was unable to post a secured bond.  Persons with knowledge of Defendant were interviewed by Pretrial Services and indicated that Defendant may currently still have a problem related to drug use.

With respect to the danger to the community posed by Defendant, the Court focused on many of the same factors mentioned above, with particular attention paid to the July 2004 conviction for dissuading a witness.  In addition to Defendant's criminal history in general, his arrests within the last three (3) to four (4) years related to domestic violence is cause for continuing concern to the Court.  Defendant presently has two (2) cases pending against him in state court.  There is also a restraining order lodged against him.

The Court finds, for all the reasons adduced at the hearing, and including those set forth above, that the government met its burden of establishing by a preponderance of the evidence that Defendant poses a risk of flight and by clear and convincing evidence that he poses a danger to the community.  The Court concludes that it cannot fashion a release condition or combination of release conditions that will reasonably ensure the presence of Defendant and the safety of the community and that Defendant must be detained pending trial in this matter.  While the Court appreciates the support Defendant now enjoys from his mother and significant other, his criminal record along with the factors mentioned above are overwhelming.

This Order supplements the Court's findings announced from the bench and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).  This ruling is without prejudice to Defendant's proposing a different set of release conditions or coming forward with further information bearing on his fitness to be released pending a resolution of this matter.  Accordingly, pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

(1)     Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)     Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3)     On order of a court of the United States or on request of an attorney for the

ORDER RE DETENTION
CR 06-00439 MMC                        3

government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

DATED: July 18, 2006

_____
EDWARD M. CHEN
UNITED STATES MAGISTRATE JUDGE

ORDER RE DETENTION
CR 06-00439 MMC                    4